IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC - 2 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| JEFFREY WILLIAMS, | § | |
| aka JEFFEREY WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No.  4:14-CV-274-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Jeffrey Williams, aka Jefferey Williams, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

**I.  Factual and Procedural History**

On July 5, 2011, in the 372nd District Court of Tarrant County, Texas, petitioner entered a negotiated guilty plea to sexual assault in exchange for a recommended eight-year sentence,

and the trial court assessed his punishment accordingly.   SH2-WR-80,812-01 160-66, ECF No. 8-3.   Petitioner did not directly appeal his conviction or sentence.   Pet. 3, ECF No. 1. Petitioner filed a state-habeas application, raising one or more of the claims presented in this federal petition, which was denied by the Texas Court of Criminal Appeals without a hearing on the findings of the trial court.   Adm. R., ECF No. 8-1.   This federal petition followed.

## II.   Issues

Generally, petitioner raises four grounds for relief:

(1)   Involuntary guilty plea;
(2)   Ineffective assistance of trial counsel;
(3)   Conflict of interest; and
(4)   Prosecutorial misconduct.

Pet. at 6-7.

## III.   Rule 5 Statement

Respondent believes the petition is neither time-barred nor subject to the successive-petition bar, however he believes one or more of petitioner's claims are unexhausted and procedurally barred.   Resp't's Answer 3, 9-12, ECF No. 1.

## IV.   Discussion

### *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf

2

of a person in custody pursuant to the judgment of a state court
shall not be granted with respect to any claim that was
adjudicated on the merits in state court proceedings unless he
shows that the prior adjudication:   (1) resulted in a decision
that was contrary to, or involved an unreasonable application of,
clearly established federal law, or (2) resulted in a decision
that was based on an unreasonable determination of the facts in
light of the evidence presented in the state court.   28 U.S.C. §
2254(d).   A decision is contrary to clearly established federal
law if the state court arrives at a conclusion opposite to that
reached by the United States Supreme Court on a question of law
or if the state court decides a case differently than the Supreme
Court has on a set of materially indistinguishable facts.
*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).   A state court
decision will be an unreasonable application of clearly
established federal law if it correctly identifies the applicable
rule but applies it unreasonably to the facts of the case.   *Id*.
at 407-08.

        The statute further requires that federal courts give great
deference to a state court's factual findings.   Section
2254(e)(1) provides that a determination of a factual issue made
by a state court shall be presumed to be correct.   The petitioner

has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies a federal claim in a state habeas corpus application without written order, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Johnson v. Williams,* 133 S. Ct. 1088, 1094 (2013) (quoting *Harrington v. Richter,* 562 U.S. 86, 98-99 (2011)).

### *Voluntariness of the Plea*

Under his first ground, petitioner claims his guilty plea was involuntary due to his trial counsel's coercion and because he was under the care of a psychiatrist and taking numerous prescribed medications and did not have a clear understanding of the cases against him. Pet'r's Mem. 1-3, ECF No. 1. The state-habeas court conducted a hearing via affidavit. In his affidavit, petitioner's court-appointed trial counsel, Doug Weathers, responded to petitioner's claim as follows:

. . .

The allegation that the Defendant suffered from a mental illness, did not understand the charges against him and that counsel "repeatedly pressured the defendant into plea" is not supported by counsel's experience with the defendant. In more than 4 hours of

4

direct contact with the defendant, counsel never had
any difficulty discussing the facts or the law with the
defendant.  He seemed to have a clear memory of the
events and facts relating to the event and asked
coherent questions about the law that applied to his
case.  Counsel discussed with the defendant the range
of punishment on each count of the indictment and the
enhancement paragraph and the effect it would have on
the range of punishment.  The Defendant did have a two
count indictment charging the defendant with Burglary
of a Habitation and Sexual Assault with a repeat
offender enhancement paragraph.  I conveyed to him that
should he be convicted of either count and the
enhancement paragraph proved his range of punishment
would have been 5 years to 99 years/Life under Texas
law.  The case was settled for a plea on the Sexual
Assault count only dismissing the Burglary of a
Habitation count and the State agreeing to waive the
enhancement paragraph and recommend an 8 year sentence.
The defendant and counsel went over every applicable
paragraph in the plea paperwork with counsel reading to
the defendant each section.  Counsel discussed the
lifetime requirement for registration as a sex offender
with the defendant.  At the conclusion counsel asked
the defendant if he had any questions about anything we
had discussed.  The defendant was given the opportunity
to clear up any misunderstanding he might have by
counsel and also by the court during the plea process.
Counsel did not pressure the defendant to enter into
the plea agreement and when asked directly by the court
during the plea the defendant told the court his plea
was voluntarily entered.

Adm. R., SH2-WR-80,812, 38-39, ECF No. 8-2.

Based on counsel's affidavit, his own recollection of the

plea proceedings, and the documentary record, the state-habeas

judge, entered the following relevant findings of fact:

   5.   The applicant had no difficulty discussing the
        factual circumstances or the law relating to his

charges.

6.   The applicant's claim that he was mentally ill
     when he entered his guilty plea is not supported
     by Mr. Weathers' observations.

7.   Prior to accepting the applicant's guilty plea,
     the Court fully admonished him regarding the
     waiver of his rights and the consequences of that
     plea.

8.   The Court's written plea admonishments tracked the
     statutory requirements for accepting a plea that
     is freely and voluntarily entered.

9.   The applicant and Mr. Weathers signed that:
     • The applicant was mentally competent;
     • The applicant understood the written plea
       admonishments given to him by the Court;
     • The applicant was aware of the consequences
       of his guilty plea; and
     • The applicant's plea was freely and
       voluntarily entered.

10.  The applicant told the trial court judge that his
     guilty plea was voluntarily entered.

11.  The trial court records present a prima facie
     showing that the applicant was mentally competent
     when he entered his guilty plea as required by
     article 26.13 of the Texas Code of Criminal
     Procedure.

12.  The applicant presents no new evidence that he was
     mentally ill when he entered his guilty plea.

13.  The applicant has not met his burden to show that
     his guilty plea was involuntarily entered due to
     mental illness.

          . . .

39.  Mr. Weathers did not pressure or coerce the

6

applicant into accepting the plea agreement.

40. The applicant voluntarily accepted the eight-year plea agreement.

. . .

44. The applicant signed that he had read and understood the written plea admonishments given to him by the Court.

45. The applicant signed that he was mentally competent, and that his plea was knowingly, freely and voluntarily entered.

46. The applicant signed that he had not been coerced, forced or improperly persuaded to enter his plea, and that he was satisfied with his counsel's representation.

. . .

49. Mr. Weathers reviewed the written plea admonishments with the applicant.

. . .

51. The applicant told the trial court judge that his guilty plea was voluntarily entered.

52. The applicant's guilty plea was freely, knowingly, and voluntarily entered.

*Id.* at 114-16, 120-22 (citations to the record omitted).

Based on his findings, the state-habeas judge concluded that there was no evidence suggesting petitioner was mentally incompetent when he entered his guilty plea, that petitioner was fully apprised of the reasons for entering a guilty plea and

7

voluntarily agreed to enter that plea, and that the plea was freely and voluntarily entered and based on proper and adequate advice of counsel. *Id.* at 118-19. In turn, the Texas Court of Criminal Appeals denied habeas relief based on the habeas court's findings.

A guilty plea is knowing, voluntary and intelligent if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). Thus, before a trial court may accept a guilty plea, the court must ensure that the defendant is competent and advised of the consequences of his plea and the various constitutional rights that he is waiving by entering such a plea. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). When reviewing a record, a court must give a signed, unambiguous plea agreement great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). If a challenged guilty plea is knowing, voluntary and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). A defendant's solemn

declarations in open court are presumed true, and a defendant generally may not recant sworn testimony made at a plea proceeding. *United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985).

In Texas, a criminal defendant is presumed competent to stand trial and the voluntariness of a plea is presumed once the trial court substantially complies with the admonishment requirements. TEX. CODE CRIM. PROC. ANN. arts. 26.13 & 46B.003(b) (West 2006 & Supp. 2014); *Mitschke v. State,* 129 S.W.3d 130, 136 (Tex. Crim. App. 2004); *Fuentes v. State,* 688 S.W.2d 542, 544 (Tex. Crim. App. 1985); *Lee v. State,* 39 S.W.3d 373, 375 (Tex. App.-Houston [1st Dist.] 2001, no pet.). The federal constitutional standard for competency to stand trial is whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 402 (1960); *Bouchillon v. Collins,* 907 F.2d 589, 592 (5th Cir. 1990).

In this case, petitioner offers no medical or psychiatric records, or other evidence, to rebut the state courts' determination of his mental-incompetency claim. "Absent evidence

9

in the record, a court cannot consider a petitioner's bald
assertions on a critical issue in his *pro se* petition,
unsupported and unsupportable by anything else contained in the
record, to be of probative value." *Ross v. Estelle,* 694 F.2d
1008, 1011 (5th Cir. 1983). The record reflects that based on
the trial court's and counsel's interaction with petitioner, both
the court and counsel were clearly under the opinion that
petitioner was competent to stand trial, and there is nothing in
the record to suggest that the court or counsel should have been
aware that petitioner lacked the ability at the time he entered
his plea to discuss the case with counsel and to understand the
proceedings against him. Petitioner fails to provide any
evidence, let alone "clear and convincing evidence," that he was
not competent to stand trial. *See Wood v. Allen,* 558 U.S. 290,
293 (2010). The record also supports the state courts'
determination that petitioner entered his guilty plea, without
being coerced to do so, knowingly, voluntarily and intelligently.
Nothing in the record suggests that the state, its agents, or
trial counsel used coercion or threats to induce the plea.
Petitioner's conclusory claims, after the fact, unsupported by
any evidence whatsoever, are insufficient to rebut the
presumption of regularity of the records and the presumption that

his plea was voluntary. *Webster v. Estelle*, 505 F.2d 926, 929-30
(5th Cir. 1974) (providing state court records "are entitled to a
presumption of regularity"). The state courts' determination of
this claim is not contrary to relevant Supreme Court precedent.

### *Petitioner's Remaining Claims*

Under his second ground, Petitioner claims that counsel was
ineffective by (1) not having the alleged victim's inconsistent
statements impeached; (2) not considering eyewitness
identification important; (3) not investigating or challenging
the false allegations of "ripped clothes and physical violence";
(4) allowing critical material evidence to go untested; (5)
withholding information of the facts of the case "in the form of
a Motion of Discovery of Physical Evidence and a Motion Favorable
to the Defendant"; (6) placing him in fear and coercing him into
a guilty plea; (7) showing lack of interest in his case,
discriminating against him because he was indigent and homeless,
and not "taking [him] to trial as requested"; and (8) failing to
have evidence detrimental to petitioner suppressed. Pet. 6 &
Pet'r's Mem. 6-10, ECF No. 1. Under his third ground, petitioner
claims that counsel had a "true" conflict of interest. Pet. 7 &
Pet'r's Mem. 9-10, ECF No. 1. Finally, under his fourth ground,
petitioner claims the prosecutor intentionally and knowingly

"charged him with inadmissible evidence"; used "scare tactics";
failed to question the credibility of the victim after she gave
three different "stories"; never presumed him innocent; withheld
favorable evidence from the defense; improperly re-indicted him;
lied about "ripped clothes, physical violence, and a second 911
call with no supporting evidence"; and failed to "test" the
evidence.   Pet. 7 & Pet'r's Mem. 11-14, ECF No. 1.

     Respondent asserts that petitioner's fifth ineffective-
assistance claim, enumerated above, is unexhausted and
procedurally barred from federal habeas review and that his
remaining claims are waived as a result of his guilty plea.
Resp't's Answer 9-21.   Applicants seeking habeas corpus relief
under § 2254 are required to exhaust all claims in state court
before requesting federal collateral relief.   28 U.S.C. §
2254(b)(1); *Fisher v. Texas,* 169 F.3d 295, 302 (5th Cir.1999).
The exhaustion requirement is satisfied when the substance of the
federal habeas claim has been fairly presented to the highest
court of the state.   *O'Sullivan v. Boerckel,* 526 U.S. 838, 842–48
(1999); *Fisher,* 169 F.3d at 302; *Carter v. Estelle,* 677 F.2d 427,
443 (5th Cir.1982).   For purposes of exhaustion, the Texas Court
of Criminal Appeals is the highest court in the state.
*Richardson v. Procunier,* 762 F.2d 429, 431 (5th Cir. 1985).

Thus, a Texas prisoner may generally satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or, as in this case, a postconviction habeas-corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2013); *Anderson v. Johnson,* 338 F.3d 382, 388 n.22 (5th Cir. 2003). The exhaustion requirement is not met if the petitioner presents new legal theories or factual claims in his federal habeas petition. *Anderson v. Harless,* 459 U.S. 4, 6-7 (1982); *Riley v. Cockrell,* 339 F.3d 308, 318 (5th Cir. 2003); *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001).

A review of petitioner's pleadings in state court and his federal petition and attached memorandum reveals that he raises his fifth ineffective-assistance claim for the first time in his federal petition. Because the claim raises new factual and/or legal arguments for the first time in this federal proceeding, the claim is unexhausted. 28 U.S.C. § 2254(b). Under the Texas abuse-of-the-writ doctrine, however, petitioner cannot now return to state court for purposes of exhausting the claim. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4. The abuse-of-the-writ

13

doctrine represents an adequate state procedural bar to federal habeas review. *Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated by petitioner, his ineffective-assistance claim (5), raised for the first time in this federal proceeding, is procedurally barred from this court's review. *Smith v. Johnson,* 216 F.3d 521, 523-24 (5th Cir. 2000).

As to petitioner's remaining claims, by entering a knowing, intelligent and voluntary guilty plea, a defendant waives all nonjurisdictional defects in the proceedings preceding the plea. This includes all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea, conflicts of interest, and prosecutorial misconduct. *Smith,* 711 F.2d at 682; *Bradbury v. Wainwright,* 658 F.2d 1083, 1087 (5th Cir. 1981). Because petitioner's guilty plea was voluntarily and knowingly made, his remaining claims regarding matters occurring prior to the plea, are waived. *See Florida v. Nixon,* 543 U.S. 175, 187 (2004); *United States v. Broce,* 488 U.S. 563, 573-74 (1989); *Boykin v. Alabama,* 395 U.S. 238, 243 (1969); *Tollett v. Henderson,* 411 U.S. 258, 267 (1973); *United States v. Scruggs,* 691 F.3d 660, 670 (5th Cir. 2012); *Murray v. Collins,* 981 F.2d

14

1255, 1992 WL 387015, at *3 (5th Cir. 1992).

Petitioner requests an evidentiary hearing, however his petition can be resolved on the record.  Thus, no evidentiary hearing is warranted.

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.  For the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED December ___2___, 2015.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE